**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Patricia A. Richardson, a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), Cleveland, Ohio, also referred to herein as the "Affiant," being first duly sworn, depose and state as follows:

**INTRODUCTION**

1.  I am currently employed as an Agent with the MEDWAY Drug Enforcement Agency ("MEDWAY") in Wayne County, Ohio, currently working as a Task Force Officer ("TFO") with the DEA, Cleveland District Office.  I am a deputized TFO within the meaning of Title 18, United States Code and Section 2510(7), that is, an officer of the United States who is empowered in Title 18, United States Code and Section 2516.

2.  I attended and graduated from the Buckeye State Police Academy, an affiliate of the Kent State University and earned my State of Ohio Police Officer Training Academy ("OPOTA") certification in June 2009.  I served as a Police Officer with the Dalton Police Department, Dalton, Ohio, for approximately nine months before accepting a position with the MEDWAY Drug Enforcement Agency in 2010.  During my academy training, I received comprehensive, formalized instruction in matters such as drug identification, detection, money laundering techniques,

1

asset identification, seizure, and forfeiture. In my capacity as an Agent with MEDWAY, I have had training and conducted investigations involving the illegal diversion of pharmaceutical controlled substances and participated in numerous investigations targeting illicit drug traffickers.

3. I have been employed as a TFO with the DEA since September 2012. In my capacity as a DEA TFO, I investigate federal drug offenses under Title 21 of the United States Code. During these investigations, I have debriefed defendants, sources of information, and other witnesses who have personal knowledge regarding the illegal use of controlled substances and controlled substance distribution. During my career, I have been either lead investigator or participated in many criminal investigations involving violations of the Controlled Substance Act in the United States Code and applicable laws set forth in the Ohio Revised Code. Based on my training and experience, I am familiar with Federal criminal laws and know that it is a violation of: Title 21 United States Code, Section 841(a)(1).

## BACKGROUND

4. Your Affiant is an investigator involved in a criminal investigation concerning MOHAMMED JIBRIL and ARTHUR LEE WORTHY II. Your Affiant has reviewed reports and evidence of, spoken with other investigators regarding, and has been involved in the

investigation relating to alleged violations of 21 USC 846 and 841(a)(1).

## BASIS OF INFORMATION

5. Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by agents and/or officers of the Drug Enforcement Administration (DEA), Medina Wayne County Drug Task Force(MEDWAY), the Ohio State Highway Patrol (OSHP) or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose report Affiant has read and reviewed. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects and record checks has been obtained through the Law Enforcement Automated Data System (LEADS), the State of Ohio or the National Crime Information Center (NCIC), the Ohio Law Enforcement Gateway (OHLEG) computer system, and other known public database computer systems, by members herein described. Since the Affidavit is being submitted for the limited purpose of securing an arrest warrant, your Affiant has not included each and every fact known to her concerning this investigation. Your Affiant has set forth only the facts that

she believes are necessary to establish the foundation for the issuance of the arrest warrant.

**FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE**

6. On December 7, 2018, at approximately 10:21 am, Ohio State Highway Patrol (OSHP) Trooper Jeremy L. Burgett was conducting routine traffic patrol on Interstate 71 near milepost 187 in Ashland County, Ohio. Tpr. Burgett observed a vehicle traveling southbound at a hight rate of speed. Tpr. Burgett used his last speed detection device and clocked the vehicle as traveling approximately 99 m.p.h. in a 70 m.p.h. zone. Tpr. Burgett initiated a traffic stop of the vehicle, which complied and pulled over on the left berm south of US Route 250.

7. Upon approach to the vehicle, Tpr. Burgett asked the driver, Mohammed JIBRIL, for identification and asked questions regarding the speed at which the vehicle had been traveling. JIBRIL admitted that he had been speeding. The passenger, identified as Arthur Lee WORTHY, II, advised Tpr. Burgett that they had been traveling from Pittsburgh, Pennsylvania. Tpr. Burgett requested the rental paperwork on the vehicle, and obtained identification from both WORTHY and JIBRIL. JIBRIL explained that they did not have any of the rental paperwork for the vehicle.

4

8. The passenger and driver clarified for Tpr. Burgett that they were on their way from Pittsburgh, Pennsylvania to Columbus, Ohio. Once separated from WORTHY, the driver, JIBRIL, advised Tpr. Burgett that the vehicle had been rented by a sister or cousin of the passenger. JIBRIL advised Tpr. Burgett that he (JIBRIL) had been in the vehicle the entire time. Tpr. Burgett noted that the driver and passenger both seemed very nervous, and were breathing heavily. Tpr. Burgett noted that the driver kept stating, "I ain't going to lie," when answering questions.

9. Tpr. Burgett returned to the vehicle and noted that he could smell marijuana odors coming from inside the vehicle. Tpr. Burgett spoke to the passenger Arthur Lee WORTHY, II. WORTHY admitted they had been smoking marijuana inside the vehicle earlier in the day. Tpr. Burgett asked WORTHY if WORTHY had any more marijuana in the vehicle, and WORTHY handed Tpr. Burgett a cigar packet from the center console. Tpr. Burgett noted that the driver's cell phone was ringing during this time.

10. Tpr. Burgett patted down WORTHY and located a large bundle of United States Currency in WORHTY's pocket. Tpr. Burgett walked WORTHY to his cruiser and put WORTHY in back with JIBRIL,

where a hidden recording device was located. Tpr. Burgett went back to the rental vehicle and located a Foot Locker bag with multiple large pill bottles of Oxycodone inside. Tpr. Burgett noticed that the bottles appeared to be the large capacity type that are stored at pharmacies. When Tpr. Burgett went back to the cruiser, he read WORTHY and JIBRIL their Miranda rights. Tpr. Burgett asked WORTHY and JIBRIL about whose items were whose, and WORTHY stated that the pants inside out, the jacket, the marijuana and $10.00 were his (WORTHY's). When Tpr. Burgett asked about the bag with the pills, they both gave him a blank look. Tpr. Burgett was then assisted by OSHP Troopers Sgt. Kumor and Trooper Jackson. During a search of the rental vehicle, they located another two bags containing multiple large capacity pharmacy bottles, each showing contents of 100 pills of controlled pharmaceutical substances. Another bag containing pharmaceuticals was located inside the trunk of the vehicle.

11. During a review of the audio / video recording inside the vehicle while WORTHY and JIBRIL are seated together, WORTHY tells JIBRIL that "they" are going to check the car and "they" already found the marijuana. JIBRIL states that the dude Chris at the gas station had the car for two hours. They both mentioned the numbers 902-5191 and repeated them as if trying to memorize the number.

12. Subsequent recording of JIBRIL and WORTHY together featured JABRIL discussing "Chris" sleeping in his car at UC Davis (a college in California) and telling WORTHY, "…taking it back to Columbus so we can dump all that shit." JIBRIL reached into his pants and coat pockets, and subsequently told WORTHY, "don't say nothing." Tpr. Burgett also stated in his reporting that WORTHY and JABRIL discussed Pittsburgh, Pennsylvania, where they were stopped at and that they were supposed to meet an unknown person at Smokey Bones (a bar off the highway near Columbus, Ohio). The driver told WORTHY, he'd see WORTHY in jail as they two were placed in separate patrol units for transport. During a search of the rental vehicle after the two were removed, officers located additional loose pills inside the rental vehicle as well. After the two were separated, JIBRIL indicated he wished to speak with an attorney before answering any other questions.

13. Preliminary review by OSHP Officers of the pharmaceuticals obtained from the search of the bags inside rental vehicle that WORTHY and JIBRIL were traveling in revealed the following unopened pharmacy bottles of drugs:

Twenty-seven bottles (100 count each) of Oxycodone Hydrochloride tablets in 5, 10, 15, 20 and 30 milligram tablets;

Two Oxycodone and Acetaminophen (100 count each) bottles containing 7.5 milligram tablets;

One Oxycontin bottle (100 count) with 10 milligram tablets;

Three Methlyphenidate HCL Extended Release (100 count) bottles with 40 milligram tablets.

Affiant is aware that oxycodone and methlyphenidate are Schedule II controlled substances.

**SUMMARY**

14. Affiant believes MOHAMMED JABRIL and ARTHUR LEE WORTHY II and other unknown person(s) possessed with intent to distribute approximately 3,300 Schedule II controlled substance tablets in Ashland, Ohio (located in the Northern District of Ohio) in December, 2018.

**CONCLUSION**

15. Task Force Officer Patricia Richardson of the Drug Enforcement Administration, being duly sworn according to law, deposes, and states that the facts stated in the foregoing Affidavit are true and correct to the best of her knowledge, information, and belief.

16. Based on your Affiant's training, experience and the facts set forth in this Affidavit, your Affiant believes that there is

probable cause to believe that MOHAMMED JABRIL and ARTHUR LEE WORTHY II did knowingly and intentionally possess with intent to distribute Oxycodone HCL, Oxycodone with Acetaminophen, Oxycontin Hydrochloride and Methlyphenidate HCL, all schedule II controlled substances, in violation of Title 21, U.S.C., Sections 841(a)(1).

Patricia A. Richardson
Task Force Officer
Drug Enforcement Administration

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
6:59 PM, Dec 10, 2018